IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-02-CR-0142-M |
| | § | NO. 3-10-CV-2431-M |
| XAVIER LAMAR MOTTLEY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Xavier Lamar Mottley, a former federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

In 2003, defendant was sentenced to 90-days home confinement and a five-year term of supervised release after pleading guilty to one count of access device fraud in violation of 18 U.S.C. § 1029(a)(5). No appeal was taken. Instead, defendant challenges his conviction under 28 U.S.C. § 2255.[1]

II.

Defendant challenges his underlying conviction on the sole ground of actual innocence. In a preliminary response filed on January 18, 2011, the government argues that this case is barred by

---

[1] Since 2005, the court has revoked defendant's supervised release three different times. Most recently, on June 23, 2010, defendant was sentenced to seven months confinement for violating the conditions of his release. Although defendant was recently released from federal custody, he was incarcerated at the time he filed his section 2255 motion. *See Carafas v. LaVallee*, 391 U.S. 234, 238-39, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968) ("in custody" determination made at time habeas petition is filed).

-1-

the AEDPA statute of limitations. Defendant addressed the limitations issue in a reply filed on February 10, 2011. The court now determines that this case should be summarily dismissed on limitations grounds.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to 90-days home confinement and a five-year term of supervised release after pleading guilty to access device fraud. The judgment of conviction was entered on

February 6, 2003, and no appeal was taken. Therefore, under the law in effect at the time, defendant's conviction became final on February 21, 2003. FED. R. APP. P. 4(b)(1)(A) (2002).[2] *See also United States v. Garcia-Mancha*, No. 2-96-CR-021-J, 2001 WL 282769 at *2 (N.D. Tex. Mar. 15, 2001), *rec. adopted*, (N.D. Tex. Mar. 30, 2001) (where no appeal is taken, federal conviction becomes final for limitations purposes 10 days after judgment is entered). More than *seven years* later, on November 23, 2010, defendant filed the instant motion in federal district court.

In an attempt to avoid dismissal, defendant argues that the limitations clock did not begin to tick until June 23, 2010 -- the date of the most recent judgment revoking his supervised release. (*See* Def. Reply at 2). However, "[i]t is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence." *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009). That same rule applies to a section 2255 motion. *See Vasquez-Campos v. United States*, No. 5-10-CV-114, 2011 WL 31867 at *2 (S.D. Tex. Jan. 5, 2011). Defendant cannot challenge his underlying conviction by bootstrapping it to the revocation judgment. *Id.*

To the extent defendant seeks equitable tolling due to actual innocence, that argument is without merit. "Equitable tolling is not permitted merely because petitioner believes he is entitled to relief." *Johnson v. Quarterman*, No. 3-09-CV-0183-G, 2009 WL 1505255 at *2 (N.D. Tex. May 27, 2009), *citing Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA

---

[2] Prior to December 1, 2009, the deadline for filing a notice of appeal in a criminal case was 10 days after entry of the judgment. *See* FED. R. APP. P. 4(b)(1)(A). Under the prior version of Fed. R. App. P. 26(a)(2), when a period prescribed or allowed under the rules is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the time computation. *See* FED. R. APP. P. 26(a)(2) (2002).

statute of limitations. *See, e.g. Henderson v. Thaler*, 626 F.3d 773, 780-81 (5th Cir. 2010); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000). Because defendant has failed to establish a basis for statutory or equitable tolling, this case should be dismissed on limitations grounds.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence is barred by limitations and should be summarily dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE